THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOAQUÍN VIDAL MARQUEZ, Defendant and Appellant.

No. 12259.—Argued November 3, 1947.—Decided November 24, 1947.

Carlos E. Colón for appellant. *Luis Negrón Fernández, Attorney General,* and *Joaquín Correa Suárez, Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE TRAVIESO delivered the opinion of the Court.

Joaquín Vidal Márquez was charged with a violation of subdivision A, § 10 of the Insular Supplies Act, No. 228 of 1942 (Laws of 1942, p. 1268), in connection with Administrative Order No. 87 of the General Supplies Administrator, of August 4, 1946, in that sometime in August 1946, he violated the provisions of the Act and the administrative order already mentioned by selling to Fernando Ripoll, for his own consumption, one-half pound of lard (canned) for 40 cents, that is, at the rate of 80 cents per pound, which was higher than the authorized price of 30 cents a pound to the consumer. The trial was held and the defendant was convicted of the offense charged and sentenced to three months in jail and to pay a fine of $10, without costs. From that judgment the defendant has appealed to this Court, and as a first assignment he urges "that the lower court committed grave error in finding the defendant guilty and convicting him of a crime wholly distinct from the one charged in the information, for which reason the judgment appealed from is null and void."

The defendant-appellant is not correct. The transcript of the record shows that the lower court pronounced the defendant guilty of the offense charged against him in

the information.  The information charged him with a violation of subdivision A, § 10 of the Supplies Act, No. 228 of 1942, in connection with Administrative Order No. 87 of the General Supplies Administrator of August 4, 1946.  The error assigned is nonexistent.

As second and third assignments, the defendant-appellant urges, first, "that the lower court committed grave error in overruling the demurrer for want of jurisdiction interposed by the defendant in the present case and now reproduced on appeal, it being privileged"; and, second, "that both the lower court, and this Honorable Court, on appeal, lack jurisdiction to find the defendant guilty and convict him of a violation of Administrative Order No. 87 of the General Supplies Administrator of August 4, 1946, in connection with Act No. 228 of 1942, since said Order No. 87 of August 4, 1946, is void and unconstitutional."  Similarly as the defendant-appellant has done, we will discuss these two assignments together, as they involve a single question, namely, the nullity of the administrative order with whose violation the defendant is charged.

The defendant-appellant maintains that the administrative order is void and unconstitutional because, in fixing maximum prices for lard, it violated the public policy of the Congress of the United States, as the same was set forth in § 3–8(1A) of the Price Control Extension Act of July 25, 1946 (Public Law 548, 79th Congress), and because such regulation, in fixing a maximum retail price for lard, violated the provisions enacted by the Federal Congress in § 3–8(a) of the said Extension Act of July 25, 1946; and, hence, being in open conflict with said Federal legislation, it is void or at least was suspended during the period in which the offense charged was committed.

In § 3–8(A) of the above-mentioned Act, the Congress provided that:

"No maximum price and no regulation or order under this Act..., or the Stabilization Act of 1942, as amended, shall be applicable

prior to August 21, 1946, with respect to livestock, milk, or food or feed products processed or manufactured in whole or substantial part from livestock or milk . . .''

The Federal Price Control Act expired on June 30, 1946, and it was not until July 25 of that same year that the Congress re-enacted it in an amended form, providing that the price control with respect to food or feed products processed or manufactured from livestock should be eliminated up to August 21, 1946, when the Price Decontrol Board could, in its discretion, determine whether or not the price control should be re-established. (Section 3–8A, *supra*,) Therefore, the Section above transcribed only refers to decontrol under the Federal Price Control Act. However, the same Act, in referring to housing accommodations expressly provides that while the Federal regulations are in effect, there shall be no rent control by the State governments. *Latoni* v. *Municipal Court, ante,* p. 130. If the Congress had deemed advisable and sought a total decontrol, and not merely a Federal decontrol, it would have been easy for it to provide accordingly, as it did with reference to rent control in the same Act. In other words, we think that the Congress only intended a Federal decontrol as to livestock processed products because, otherwise, it would have expressly provided the contrary as it did in connection with rents. That being so, the products processed from livestock, including lard, were not covered by the Federal Price Control Act of July 25, 1946, and, therefore, were subject to regulation by the General Supplies Administrator, if he deemed it advisable, under the authority conferred upon him by Act No. 228 of 1942. For the foregoing reasons we hold that the administrative order involved herein, is valid and constitutional. *People* v. *Leandry, ante,* p. 618.

The judgment appealed from will be affirmed.